UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

California Pacific Hospitality, *et al.*,

    Plaintiffs,

v.

City of Norwood, Ohio,

    Defendant.

Case No. 1:18cv294

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendant City of Norwood (Doc. 6). Plaintiffs have filed a Response in Opposition (Doc. 9); and Defendant filed a Reply (Doc. 11). Also before the Court is Plaintiffs California Pacific Hospitality, LLC and Brahma Investment Groups, Inc,'s Motion for Writ of Mandamus (Doc. 8); and Defendant's Response in Opposition. (Doc. 12).

### I.    BACKGROUND

For purposes of these Motions, there is little dispute between the parties as to the facts of this case and a related case: *Berkowitz v. Brahma Investment Group Inc.*, Case No. 1:14cv453. *Berkowitz* arose out of a verified petition filed in the Hamilton County Court of Common Pleas by the law director for the City of Norwood pursuant to Ohio Revised Code § 3767.02, *et seq.* (the "Nuisance Action"). The law director sought to have a hotel owned by Plaintiffs California Pacific Hospitality, LLC ("Cal Pac") and Brahma Investment Group, Inc. declared a public nuisance due to the illegal drug activity and prostitution which was occurring on the property. The Hamilton County Court of Common Pleas entered an *ex parte* Temporary Restraining Order and closed the

property. The Nuisance Action was then removed to this Court. This Court found that it had subject matter jurisdiction based on diversity of citizenship. Brahma then brought the following counterclaims: (1) discrimination in violation of 42 U.S.C. §§ 1981 and 1985; (2) violation of 42 U.S.C. § 1983; (3) violation of due process based on the failure to name CalPac in the Nuisance Action; (4) and conversion of their property rights under the Ohio Constitution.

On appeal, the Sixth Circuit affirmed this Court's dismissal of Brahma's counterclaims and also affirmed this Court's dismissal of the state-nuisance claims. *Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284, 289 (6th Cir. 2018). In doing so, the Sixth Circuit rejected CalPac and Brahma's challenge to the state court's order granting the preliminary injunction because that order was moot:

> as the district court noted, it expired on June 1, 2015, per statutory fiat. *See* Ohio Rev. Code § 3767.06(A). We therefore lack jurisdiction over this claim. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 398, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Furthermore, Appellants also lack standing, because as of December 9, 2015, they no longer had any ownership interest in the property. *See Brownlow v. Schwartz*, 261 U.S. 216, 217-18, 43 S.Ct. 263, 67 L.Ed. 620 (1923).

*Id.* at 288.

The present action was removed from Hamilton County Court of Common Pleas. In their Complaint, Plaintiffs asserted jurisdiction under the following statutes: Ohio Revised Code §§ 2744, 3767.03; the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1981, 1983, 1985 and 1988; and the Ohio Constitution. (Doc. 4). Plaintiffs sought the following relief: a preemptory writ of mandamus compelling Norwood/Defendant-Respondent to initiate appropriation proceedings to compensate Plaintiffs for the taking of their property rights; and in the

alternative, an alternative writ of mandamus requiring Norwood/Defendant-Respondent to show cause why it should not be ordered and compelled to initiate appropriation proceedings to compensate Plaintiffs for the taking of their property rights.

Plaintiffs have now clarified that the citation to 42 U.S.C. § 1981, 1983, 1985 and 1988 in their Complaint was an error. Plaintiffs state that the only claims they intended to bring are a taking claim and a claim for damages pursuant to Ohio Revised Code § 3767.03(A). Plaintiffs have also brought a motion asking this Court to issue a writ of mandamus compelling the City of Norwood to initiate appropriation proceedings to compensate CalPac and Brahma for the City's temporary taking of their property.

Defendant argues that Plaintiffs' claims should be dismissed and Plaintiffs' Motion for Writ of Mandamus is procedurally defective and premature.

## II.　ANALYSIS

### 1. Motion for Judgment on the Pleadings

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible. *Id.* (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949-950 (2009)). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 556 (2007)).

### 2. Constitutional taking claim

Plaintiffs argue that they were innocent owners, and therefore the closure of their property under Ohio Revised Code § 3767.06(A) constituted a taking. To the extent that Plaintiffs are bringing a taking claim under the Fifth Amendment,[1] a federal court may hear a takings claim only after two criteria are met: (1) plaintiff must demonstrate that he or she received a "final decision" from the relevant government; and (2) the plaintiff must have sought "compensation through the procedures the State has provided for doing so." *Hensley v. City of Columbus*, 557 F.3d 693, 696 (6th Cir. 2009) (quoting *Williamson*, 473 U.S. at 186-87, 194). In Ohio, a mandamus action is "the vehicle with which to contest an involuntary taking." *River City Capital, L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio*, 491 F.3d 301, 307 (6th Cir. 2007).

There is no dispute that Plaintiffs failed to request mandamus before filing their motion in this Court. Therefore, any claim under the Fifth Amendment not yet ripe for review and this court lacks jurisdiction to hear Plaintiffs' taking claim under the Constitution. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, n.13,

---

[1] However, Plaintiffs disavow any claim under 42 U.S.C. § 1983, which would be a proper vehicle for bringing a constitutional taking claim under the Fifth Amendment. *See River City Capital, L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007) (explaining that "the Takings Clause—in conjunction with 42 U.S.C. § 1983, the remedial statute with which it is often paired—would seem to provide a clear hook for federal question jurisdiction under Article III.").

105 S. Ct. 3108, 3121, 87 L. Ed. 2d 126 (1985) (explaining that "because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action."). Accordingly, any constitutional taking claim brought by Plaintiffs is DISMISSED without prejudice.[2]

### 3. Ohio Revised Code § 3767.03

Plaintiffs also seem to be bringing a "taking" claim pursuant to Ohio Revised Code § 3767.03. The state-law nuisance action in this case was brought pursuant to Ohio Revised Code § 3767.03, which provides that the city law director has the power to bring an action in equity to abate a nuisance and "to perpetually enjoin the person maintaining the nuisance from further maintaining it." However, the statute also provides:

> If it is finally decided that an injunction should not have been granted or if the action was wrongfully brought, not prosecuted to final judgment, dismissed, or not maintained, the defendant shall have recourse against the bond for all damages suffered, including damages to the defendant's property, person, or character, and for the reasonable attorney's fees incurred by the defendant in defending the action.

Ohio Rev. Code § 3767.03. Therefore, Ohio Revised Code § 3767.03 authorizes a court to award damages and reasonable attorney's fees upon a finding that the injunction or nuisance action was wrongfully brought, not prosecuted to final judgment, dismissed, or not maintained. However, as one Ohio court has explained:

> These provisions limit the amount of the awards to the amount of the bond, and limit a defendant's recourse on those awards to a proceeding against the bond the plaintiff posted. In this respect R.C. 3767.03 is similar to the

---

[2]The Court notes that it may properly consider the ripeness of Plaintiffs' constitutional taking claim because ripeness is an aspect of subject matter jurisdiction and may be raised *sua sponte*. *Lytle v. Potter*, 480 F. Supp. 2d 986, 991 (N.D. Ohio 2006) (citing *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002)).

5

> like provisions of Civ.R. 65(C) which, because a defendant can always ask the court to increase a bond the plaintiff posted if the defendant believes the amount posted is insufficient to cover his potential damages, limits a defendant's recovery of damages and attorneys fees to the amount of the bond posted. *Professional Investigations and Consulting Agency, Inc. v. Kingsland* (1990), 69 Ohio App.3d 753, 591 N.E.2d 1265, (per McCormac, J.).

*Shuttleworth v. Knapke*, 2003 WL 588598 (Ohio Ct. App. 2003).

When the preliminary injunction in the Nuisance Action was entered by the Court of Common Pleas, the court did not enter an order for the payment of a bond. (Doc. 1-16). Therefore, it is unclear what recourse Plaintiffs would have under Ohio Revised Code § 3767.03. Moreover, when ruling on the motion to dismiss the state-law Nuisance Claim in *Berkowitz v. Brahma Investment Group Inc.*, this Court noted that Brahma agreed that the state-law nuisance claim and demand for injunctive relief were moot, and did not oppose the Court's dismissal of the Nuisance Action on that basis. (Case No. 1:14cv453, Doc. 103, PAGEID# 1606). Therefore, any claim Plaintiffs are bringing to pursuant to Ohio Revised Code § 3767.03 are DISMISSED.

   4. **Mandamus**

In their request for relief in the Complaint and in the Motion for a Writ of Mandamus, Plaintiffs ask this Court to issue a writ of mandamus compelling the City of Norwood to initiate appropriation proceedings to compensate CalPac and Brahma for the City's temporary taking of their property.

"Although Federal Rule of Civil Procedure 81(b) 'abolished' the writ of mandamus, the All Writs Statute, 28 U.S.C. § 1651, empowers federal courts to 'issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus.'" *State ex rel. Skaggs v. Brunner*, 588 F. Supp. 2d 828, 833 (S.D. Ohio 2008) (quoting *Haggard v.*

*Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970)). When a court sits in diversity, it can issue a writ of mandamus that Ohio courts are able to grant. *Vary v. City of Cleveland*, 206 F. Supp. 3d 1273, 1277 (N.D. Ohio 2016).

The applicable statute in Ohio provides: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice." Ohio Rev. Code § 2731.04. The Ohio Supreme Court has made it clear that an action in mandamus may not be commenced by motion. *Myles v. Wyatt*, 62 Ohio St.3d 191, 580 N.E.2d 1080 (Ohio 1991) (per curiam). Therefore, Plaintiffs' Motion for a Writ of Mandamus is DENIED.

Even if the Court could construe Plaintiffs' request for a writ of mandamus in the Complaint as being proper, this Court adopts the reasoning in *Vary v. City of Cleveland*, 206 F. Supp. 3d 1273, 1279 (N.D. Ohio 2016) and concludes that abstention is proper. Accordingly, this matter should be remanded to state court. *Accord Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721, 116 S. Ct. 1712, 1723, 135 L. Ed. 2d 1 (1996).

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant City of Norwood's Motion for Judgment on the Pleadings (Doc. 6) is **GRANTED in PART** and **DENIED in PART**;

2. Plaintiffs California Pacific Hospitality, LLC and Brahma Investment Groups, Inc,'s Motion for Writ of Mandamus (Doc. 8) is **DENIED**;

3. This matter is remanded to the Hamilton County Court of Common Pleas.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             JUDGE MICHAEL R. BARRETT